IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY P. PURDY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:15CV363 |
| | ) | |
| V. | ) | |
| | ) | |
| DOUGLAS COUNTY | ) | **MEMORANDUM** |
| CORRECTIONS CENTER, | ) | **AND ORDER** |
| DOUGLAS COUNTY, CITY OF | ) | |
| OMAHA, CCS MEDICAL | ) | |
| PROVIDER, MEDICAL | ) | |
| DEPARTMENT, MEDICAL STAFF, | ) | |
| DONUA RICKIE, PSYCHIATRIST | ) | |
| FOR CCS, CAPTAIN EARLY, and | ) | |
| MARK FAXHALL, | ) | |
| | ) | |
| Defendants. | | |

This matter is before the court on initial review of Plaintiff Anthony Purdy's Complaint. (Filing No. 1.) For the reasons that follow, the court finds Plaintiff's pleadings do not state any claims on which relief may be granted. However, the court will allow Plaintiff to file an amended complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint is rambling, incoherent, and nearly eligible. As best the court can tell, Plaintiff asserts that he was unlawfully denied proper medical treatment. Plaintiff also suggests that he is disabled and that the alleged denial of medical treatment violated the Americans with Disabilities Act.

Plaintiff names the following as Defendants, Douglas County Corrections Center; Douglas County; City of Omaha; CCS Medical Provider; Medical

Department; Medical Staff; Donua Rickie; Psychiatrist for CCS; Captain Early; and Mark Faxhall.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Liberally construed, Plaintiff claims he has been denied adequate medical care

in violation of the Eighth and Fourteenth Amendments. However, it is entirely unclear how Plaintiff's care has allegedly been deficient. Also, it is unclear who employs the people named in the caption. In any event, Plaintiff's conclusory statements, even when given liberal construction, fail to state a claim.

Plaintiff has failed to state a claim against Douglas County and the City of Omaha because, as municipalities, Douglas County and the City of Omaha can only be liable under § 1983 if a municipal policy or custom caused his injury. *See [Monell v. New York Department of Social Services, 436 U.S. 658, 694 (1978)](#)*. Plaintiff has failed to plausibly suggest that an official Douglas County or City of Omaha policy or custom caused the allegedly deficient medical care.

Also, Plaintiff has failed to specify whether his claims against the officials named as defendants are asserted against them in their official or individual capacities. Because Plaintiff's Complaint does not specify whether he is suing them in their official or individual capacities, this court presumes they are sued in their official capacities only. *See [Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999)](#)* ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official, in this case, Douglas County or the City of Omaha. *See [Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992)](#)*. As stated previously, these entities can only be liable under § 1983 if a municipal policy or custom caused Plaintiff's injury. Plaintiff has failed to make such allegations.

It is also unclear which officials were actually involved with Plaintiff's medical care. Plaintiff has not indicated how any of the individual defendants were personally involved with his medical treatment. Rather, Defendants' names only appear in the caption of the Complaint. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See [Krych v. Hvass, 83 F. App'x 854, 855 (8th Cir. 2003)](#)*. Therefore, Plaintiff has failed to state a claim against

3

the officials named as defendants.

Moreover, to the extent Plaintiff is attempting to do so, he has not stated a viable claim under the Americans with Disabilities Act ("ADA"). Plaintiff has not alleged that he was discriminated against based upon a disability. Moreover, claims under the ADA cannot be based on medical treatment decisions. *See [Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005)](#)*. Therefore, Plaintiff's ADA claim fails.

On the court's own motion, the court will provide Plaintiff with an opportunity to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

On January 28, 2016, Plaintiff filed a "Motion for Medical Care Treatment." (Filing No. [8](#).) This motion will be denied without prejudice to reassertion because the document is nearly eligible and the court is unable to ascertain the relief sought.

IT IS THEREFORE ORDERED:

1.     Plaintiff shall file an amended complaint by June 11, 2016, that states a claim upon which relief may be granted . Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2.     The clerk of the court is directed to set a pro se case management deadline using the following text: June 11, 2016: check for amended complaint.

3.     Plaintiff's "Motion for Medical Care Treatment" (Filing No. [8](#)) is denied without prejudice to reassertion.

Dated this 11th day of May, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge